# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| VAN LEE BREWER | § | |
| | § | |
| V. | § | A-18-CV-1061-LY |
| | § | |
| DAVID G. GUTIERREZ, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Motions to Dismiss and Motions for Protective Order filed by both Gutierrez and Thielke (Dkt. Nos. 2, 12, 13 & 14); Plaintiff's Motion for Leave to Amend Declaratory Judgment (Dkt. No. 8); Plaintiff's Motion to Transfer Exhibits (Dkt. No. 9); Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 18); and the various responses and replies. The undersigned magistrate judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules.

## I. BACKGROUND

In September of 1989, Plaintiff Van Lee Brewer was convicted in the 291st District Court of Dallas County of second-degree sexual assault. The state court sentenced Brewer to a 50-year term of imprisonment based on an enhancement from a prior conviction. On June 9, 2016, Brewer was released on parole and placed in the Super Intensive Supervision Program ("SISP"), which features "the highest level of supervision provided by the department." TEX. GOV'T CODE § 508.317. Brewer filed this lawsuit in Travis County District Court against Defendants David G. Gutierrez, who is Chair of the Texas Board of Pardons and Paroles, and Pamela Thielke, the Director of the Texas Department of Criminal Justice Parole Division. Brewer alleges that in carrying out their statutory

duties to enforce the SISP, the Defendants have violated his constitutional rights to due process, equal protection, freedom of association, and liberty under the First, Fourth, and Fourteenth Amendments of the United States Constitution, and have also violated his rights under the corollary provisions of the Texas Constitution. Brewer seeks a temporary restraining order and injunction to "desist the imposition of the Super Intensive Supervision Program." Dkt. No. 18. Although Brewer's Petition alleged that his rights under the United States Constitution had been violated, he did not specifically state that he was bringing his claims pursuant to 42 U.S.C. § 1983. Nevertheless, because he relied on a number of federal constitutional provisions to support his claims, the Defendants removed the case based on federal question jurisdiction.

Defendants have each filed motions to dismiss. They argue that Brewer's case should be dismissed because (1) his official capacity claims are barred by sovereign immunity, (2) his claims are barred by the applicable two year statute of limitations, and (3) he has failed to show that the Defendants were personally involved in the alleged constitutional violations. Defendant Gutierrez also argues that the claims are *Heck* barred. In addition to seeking dismissal of the case, Defendants also request a protective order and stay of discovery until the motions to dismiss are resolved. Brewer has filed several motions as well.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional

power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

# III. ANALYSIS

A.  **Plaintiff's Motion for Leave to Amend and to Transfer Exhibits**

Brewer argues that he never intended to invoke 42 U.S.C. § 1983 and thus it was improper for the Defendants to remove the case on that basis. Brewer seeks leave to file an "Amended Declaratory Judgment" to "amend his pleading to reflect the court's proper jurisdiction" under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57 and Article III of the United States Constitution and remove any reference to 42 U.S.C. § 1983.

Brewer's lawsuit unequivocally alleges that Defendants violated his constitutional rights under the First, Fourth and Fourteenth Amendment. It appears that Brewer is attempting to bring his constitutional claims under the United States Constitution directly, or under the Federal Declaratory Judgment Act, neither of which can he do. When a plaintiff seeks a remedy for constitutional violations against municipalities or government actors, the vehicle he must use is that set forth in 42 U.S.C. § 1983. *Burns–Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir.), *cert. denied*, 512 U.S. 1207 (1994); *Hearth Inc. v. Dep't Public Welfare*, 617 F.2d 381, 382-83 (5th Cir. 1980). "When a statutory mechanism is available, § 1983 being a prime example, plaintiffs must invoke its protection." *Berger v. City of New Orleans*, 273 F.3d 1095, *1 (5th Cir. 2001). Accordingly, Brewer's constitutional claims by definition invoke the Court's jurisdiction under § 1983.

In addition, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not create a substantive cause of action. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir.1984) ( "The federal Declaratory Judgment Act . . . is procedural only"). A declaratory judgment action is merely a vehicle that allows a party to obtain an "early adjudication

of an actual controversy" arising under other substantive law. *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir.1990).

Based upon the foregoing, § 1983 is the proper vehicle for asserting Brewer's constitutional claims in this case. Accordingly, Plaintiff's Motion for Leave to Amend Declaratory Judgment Act (Dkt. No. 8) and Motion to Transfer Exhibits (Dkt. No. 9) should be denied.

**B.     Defendants' Motions to Dismiss**

    **1.     <u>Eleventh Amendment</u>**

The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney,* 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (1994). A claim against a TDCJ official in his or her official capacity is a claim against the TDCJ, and thus a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Similarly, the Texas Board of Pardons and Paroles is a division of the Texas Department of Criminal Justice, an agency of the State of Texas, and so the Board is also "cloaked with Eleventh Amendment immunity." *McGrew v. Texas Board of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir.1995). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015); *Moore v. La. Bd. Of Elem. And Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity

when enacting Section 1983. *NiGen*, 804 F.3d at 394. Under the Eleventh Amendment, the official capacity claims against Defendants for monetary relief are barred by the state's sovereign immunity, and such claims should be dismissed for lack of jurisdiction.

### 2. Statute of Limitations

Defendants also argue that Brewer's claims under § 1983 are barred by the applicable two-year statute of limitations. The Court agrees. Because Congress has not provided a statute of limitations for civil rights actions brought under section 1983, federal courts look to the forum state's general personal injury limitations period. *Flores v. Cameron Cty., Tex.*, 92 F.3d 258, 271 (5th Cir. 1996). In Texas, the pertinent limitations period is two years. *Id.; see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). "The cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Brewer was released from prison on June 9, 2016, and was subject to his parole conditions and the requirements under SISP at that time. He does not claim that he was unaware of the conditions of his parole at that time. There is no question but that the events of which he complains would "in fairness and logic . . . have alerted the average lay person to act to protect his rights." *Glass v. Petro-Tex Chemical Corp.*, 757 F.2d 1554, 1560 (5th Cir. 1985). In *Cooper v. Owens*, 303 F. App'x 179, 180 (5th Cir. 2008), the Fifth Circuit specifically held in a similar case that a parolee's § 1983 challenges to his SISP conditions were time barred by the two year statute of limitations. Notably, the Fifth Circuit did not find in that case that the continuing violation theory should apply to toll the statute of limitations. *See Id.* Similarly, the Court finds that the continuing violation theory is applicable in this case. *See McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 867

(5th Cir. 1993) (finding that a plaintiff cannot use the continuing violation theory to resurrect claims alleging a civil rights violation "concluded in the past, even though its effects persist."). Accordingly, Brewer was required to have filed any claims under § 1983 by June 9, 2018. Brewer, however, did not file this lawsuit until October 16, 2018. Therefore, Brewer's claims under § 1983 are time barred by the two year statute of limitations.

**C.     Defendants' Motions for Protective Order**

Brewer has served Defendants with Interrogatories and Requests for Production. Defendants have each filed a Motion for Protective Order to relieve them from discovery until the District Court rules on the Motions to Dismiss. Because this Court has recommended that the case be dismissed, these motions are moot.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiff's Motion for Leave to Amend Declaratory Judgment (Dkt. No. 8), Motion to Transfer Exhibits (Dkt. No. 9) and Motion for Temporary Restraining Order (Dkt. No. 18). The Court **FURTHER RECOMMENDS** that the District Judge **GRANT** both Gutierrez's and Thielke's Motions to Dismiss (Dkt. No. 2 &12), and **DENY** all remaining motions as MOOT.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 20th day of May, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE